UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. ABDUL MUHAMMAD, ) ) ) | |
| Petitioner, ) | No. 10 C 1954 |
| ) | |
| v. ) | |
| ) | Judge John W. Darrah |
| DONALD GAETZ, Warden, Menard Correctional Center, ) ) ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner, Abdul Muhammad, proceeding *pro se*, has filed a Petition for Writ of *Habeas Corpus* for a person in state custody under 28 U.S.C. § 2254, raising five issues.

### BACKGROUND

In November 2001, Muhammad was convicted by a jury of first-degree murder for the murder of Damone Mims and was sentenced to 50 years' imprisonment. *People v. Muhammad*, March 9, 2004, No. 1-02-0053 (Ill. App. Ct. 1st Dist.). Muhammad has filed several petitions and appeals since.[1]

Muhammad appealed his conviction in his direct appeal to the Illinois Appellate Court (hereinafter, "Muhammad's first appeal"). In that appeal, Muhammad argued that: (1) Muhammad was denied his Sixth Amendment Right to effective assistance of trial counsel because his attorney submitted a jury instruction that misstated the law

---

[1] The following is a list of the order of Muhammad's appeals/petitions for leave to appeal ("PLAs")/*habeas corpus* petitions/postconviction petitions and the names used in this opinion to describe them: (1) first appeal; (2) first PLA; (3) first *pro se* postconviction petition; (4) second appeal; (5) second PLA; and (6) instant petition for writ of *habeas corpus*.

1

concerning the evaluation of eyewitness identification testimony; (2) the trial court failed to conduct an adequate inquiry into Muhammad's claims that his trial attorney was ineffective; and (3) the 50-year sentence imposed on Muhammad constitutes an abuse of discretion by the trial court. This first appeal was denied. Muhammad then filed Muhammad's first petition for leave to appeal (hereinafter, "Muhammad's first PLA"), arguing that: (1) the jury instruction given at Muhammad's trial concerning eyewitness identification was in plain error and grounds for a new trial; and (2) the appellate court erred in upholding the trial court's decision to sentence Muhammad to 50 years' imprisonment. The Illinois Supreme Court denied Muhammad's first PLA.

Muhammad then filed his first *pro se* postconviction petition (hereinafter, "Muhammad's first postconviction petition"). In it, Muhammad raised the following claims: (1) Muhammad was denied a fair trial and effective assistance of trial counsel because prospective jurors were not questioned about potential bias against gang members; (2) appellate counsel was ineffective for failing to argue that trial counsel was ineffective for not questioning prospective jurors about potential bias against gang members; (3) trial counsel was ineffective for failing to examine two State witnesses and three eyewitnesses; (4) trial counsel was ineffective for failing to file a motion to suppress the identification of Muhammad; (5) trial counsel was ineffective because of these cumulative errors; (6) Muhammad's trial counsel had a conflict of interest; (7) Muhammad's trial counsel was ineffective for refusing Muhammad's request to testify at trial; (8) the trial abused its discretion in imposing the 50-year sentence; (9) Muhammad was illegally arrested because he was not given an extradition hearing;

and (10) trial counsel was ineffective for failing to ask that the jury be polled about its guilty verdict. The state trial court denied Muhammad's first postconviction petition.

Muhammad then appealed the dismissal of Muhammad's first postconviction petition (hereinafter "Muhammad's second appeal"). In it, Muhammad raised one claim: whether the trial court erred when it summarily dismissed Muhammad's first *pro se* postconviction petition where Muhammad presented the gist of a constitutional claim that his trial counsel was ineffective for failing to move to suppress his arrest following his extradition from Seattle to Chicago. The Illinois Appellate Court affirmed the trial court's holding in Muhammad's second appeal dismissing in its entirety Muhammad's first postconviction petition.

Muhammad then filed his second PLA, and raised the following four claims: (1) that Muhammad's postconviction appellate counsel briefed only one issue, precluding federal *habeas* review of his other postconviction claims; (2) during postconviction proceedings, the appellate court relied on matters outside the record in arriving at its decision; (3) the postconviction appellate court improperly considered facts of record to reject claims of ineffective assistance of trial counsel that alleged facts *de hors* the record that required an evidentiary hearing; and (4) the postconviction appellate court applied the wrong "standard of construction." The Illinois Supreme Court denied Muhammad's second PLA, and the United States Supreme Court denied his petition for writ of certiorari.

Muhammad then filed the instant petition for writ of *habeas corpus*. In it, Muhammad argues that: (1) the trial court failed to address his extradition claim during postconviction proceedings/trial counsel was ineffective for not moving to suppress his

3

arrest because of his extradition; (2) the appellate court improperly relied upon matters outside the record when denying his extradition claim; (3) trial counsel was ineffective for submitting the jury instruction regarding eyewitness identification; (4) the trial court made an inadequate inquiry into Muhammad's claim of ineffective assistance of trial counsel; and (5) Muhammad was denied a fair trial and received ineffective assistance of trial counsel because prospective jurors were not questioned about potential bias against gang members or against Muhammad because of his Islamic-sounding name.

## ANALYSIS

### *Procedural Default*

Respondent argues that all of Muhammad's claims raised in the instant writ of *habeas corpus* are procedurally defaulted and should be denied because Muhammad failed to fully present these claims throughout one complete round of state-court review.

A petitioner must satisfy several procedural requirements before obtaining *habeas* review in federal court. *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). Here, Muhammad must have presented each of his claims in his *habeas* petition to the Illinois Appellate Court and to the Illinois Supreme Court in a petition for discretionary review. *Id.* "A petitioner's failure to fairly present each habeas claim to the state's appellate and supreme court in a timely manner lead to a default of the claim, thus barring the federal court from reviewing the claim's merits." *Id.*

"A procedural default will bar federal habeas relief unless the petitioner can demonstrate both cause for and prejudice stemming from that default, or he can establish that the denial of relief will result in a miscarriage of justice." *Lewis v. Sternes*, 390 F.3d 1019, 1026 (2004) (internal citations omitted). "Cause for a default is ordinarily

4

established by showing that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Id.* "Prejudice is established by showing that the violation of the petitioner's federal rights worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* "In order to show, alternatively, that a miscarriage of justice would result if habeas relief is foreclosed, the petitioner must show that he is actually innocent of the offense for which he was convicted, i.e, that no reasonable juror would have found him guilty of the crime but for the error(s) he attributes to the state court." *Id.*

Claim 1: Issues Arising From Muhammad's Extradition

Muhammad's Claim 1 argues that the trial court failed to address his claim regarding his extradition claim during postconviction proceedings and that his trial counsel was ineffective for not moving to suppress his arrest because of his extradition.

Respondent argues that Muhammad's Claim 1 is procedurally defaulted. Muhammad did not present his Claim 1 in his first appeal[2], in his first PLA, or in his second PLA. Muhammad did however raise this issue in Muhammad's first postconviction petition and Muhammad's second appeal but failed to raise it in a PLA.

Muhammad has failed to raise Muhammad's Claim 1 through one complete round of state-court review because he has failed to file a PLA regarding this claim. Therefore, Claim 1 is procedurally defaulted. Muhammad does claim prejudice. However, Muhammad fails to claim cause. Further, Muhammad fails to argue a fundamental miscarriage of justice. Accordingly, Muhammad's Claim 1 is denied.

---

[2] Muhammad's first appeal did raise an ineffective-assistance-of-trial-counsel argument. However, Muhammad's first appeal did not mention any aspects of Muhammad's extradition; and, therefore, Muhammad did not fairly present this claim in Muhammad's first appeal.

5

## Claim 2: Appellate Court's Reliance on Matters Outside the Record in Regards to Muhammad's Extradition Claim

Muhammad's Claim 2 argues that the appellate court improperly relied upon matters outside the record when denying his extradition claim.

Respondent argues that Muhammad's Claim 2 is procedurally defaulted. Muhammad did not raise his Claim 2 in Muhammad's first appeal, in Muhammad's first PLA, in Muhammad's first postconviction petition, and in Muhammad's second appeal. Muhammad did, however, raise Claim 2 in Muhammad's second PLA.

Muhammad has failed to raise Muhammad's Claim 2 through one complete round of state-court review. Therefore, Muhammad's Claim 2 is procedurally defaulted. Muhammad makes an incoherent argument as to cause and prejudice for his procedural default of Claim 2. Muhammad's Petition pp. 27-30. Although it is not clear what Muhammad is arguing, it is clear that Muhammad is not arguing that an external obstacle existed that caused his procedural default. Further, Muhammad fails to claim a fundamental miscarriage of justice. Accordingly, Muhammad's Claim 2 is denied.

## Muhammad's Claim 3: Eyewitness Jury Instructions

Muhammad's Claim 3 argues that Muhammad's trial counsel was ineffective for submitting jury instructions regarding eyewitness identification.

Respondent argues that Claim 3 is procedurally defaulted. Muhammad did raise Claim 3 in Muhammad's first appeal. Muhammad did not raise Claim 3 in his first postconviction petition, in Muhammad's second appeal, and Muhammad's second PLA. Respondent further argues that Muhammad failed to address Claim 3 in Muhammad's first PLA. In support, Respondent contends that Muhammad's claim that the jury instruction was plain error and that Muhammad received ineffective assistance of counsel

6

because Muhammad's counsel requested the use of the jury instruction in question are separate and distinct claims; and both, therefore, require a complete round of state review.

Respondent concedes that Muhammad raised Claim 3 in Muhammad' first appeal but contends that Muhammad failed to raise ineffective assistance of trial counsel for use of the jury instruction in Muhammad's first PLA.

Muhammad's first PLA, in which Muhammad proceeded *pro se*, states:

> During the jury instruction phase of defendant's trial, defense counsel requested Illinois Pattern Jury Instruction, Criminal, No. 3.15, regarding eyewitness identification be given. The trial court agreed and submitted an instruction patterned after the wording of Illinois Pattern Jury Instruction, Criminal, No. 3.15 (3rd ed. 1992), which, on its face, misstated the law regarding how a jury should evaluate the witness(es) identification testimony. . . . .

Without determining if Muhammad's Claim 3 is procedurally defaulted, Muhammad's Claim 3 is denied pursuant to 28 U.S.C. 2254(d), which states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. 2251 (d)(1)-(2).

Muhammad raised Claim 3 in Muhammad's first appeal. In denying Muhammad's Claim 3 that he received ineffective assistance of counsel because of the inclusion of the above-mentioned jury instruction, the Illinois Appellate Court engaged in

7

ineffective-assistance-of-counsel analysis pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). The Illinois Appellate Court stated:

> Based on the foregoing principles and evidence, we find the defendant did not suffer prejudice from the inclusion of the "or" in IPI 3.15. As discussed above, the evidence supporting the jury's verdict was clear. Consequently, we cannot say the outcome would have been different without the "or"; therefore, we find no ineffective assistance of counsel.

Resp. Ex. D p. 12.

Accordingly, because the Illinois Appellate Court's judgment was not contrary to, or an unreasonable application of, Federal law and because their judgment was not based on an unreasonable determination of the facts in light of the evidence presented in the state-court proceeding, Muhammad's Claim 3 is denied.

### Claim 4: Trial Court's Inadequate Inquiry Into Ineffective Assistance of Trial Counsel

Muhammad's Claim 4 argues that the trial court made an inadequate inquiry into Muhammad's claim of ineffective assistance of trial counsel. Respondent argues that his Claim 4 is procedurally defaulted.

Muhammad raised Claim 4 in his first appeal. However, Muhammad failed to raise Claim 4 in his first PLA, Muhammad's first postconviction petition, Muhammad's second appeal, and Muhammad's second PLA. Muhammad's Claim 4 is procedurally defaulted because he has failed to raise it in a PLA.

Accordingly, Claim 4 is denied.

### Claim 5: Denial of Fair Trial and Ineffective Assistance of Trial Counsel

Muhammad's Claim 5 argues that Muhammad was denied a fair trial and received ineffective assistance of trial counsel because prospective jurors were not questioned

8

about potential bias against gang members or against Muhammad because of his Islamic-sounding name. Respondent argues that Muhammad's Claim 5 is procedurally defaulted.

Muhammad failed to raise Claim 5 in his first appeal, in his first PLA, in his second appeal, and his second PLA.

Accordingly, because Muhammad has failed to raise Claim 5 through one complete round of state court review, Muhammad's Claim 5 is procedurally defaulted and is denied.

## *Certificate of Appealability*

"A certificate of appealability may issue under paragraph (1) only if the application has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). Muhammad has failed to make a substantial showing of the denial of a constitutional right in the instant petition. Accordingly, a certificate of appealability shall not issue.

## CONCLUSION

For the above-mentioned reasons, Muhammad's Petition is denied.

Date: December 15, 2010

JOHN W. DARRAH
United States District Court Judge